NAPHTHALI A. PARENT *vs.* CHARLES L. SMITH & another.

Suffolk.    December 12, 1893. — January 3, 1894.

Present: ALLEN, HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Declaration in Set-off — Questions to and Answers by Jury — Finding of Presiding Judge.*

If, in an action of contract, it appears to the satisfaction of the presiding justice that one of the grounds upon which the jury based their verdict for the defendant was his claim in set-off, and this opinion was warranted by the answers of the jury, and there was evidence sufficient in the justice's opinion to sustain a verdict on that ground, it is immaterial that the jury answered that they were also in favor of the defendant on other grounds which the justice thought untenable.

CONTRACT, to recover $1,499.99 and interest, the price of eighteen car-loads of bark, sold by the plaintiff to the defendants between December 3, 1888, and January 15, 1889.

At the trial in the Superior Court, before *Fessenden*, J., it was admitted by the defendants that the bark was sold and delivered by the plaintiff to the defendants; that the price named in the declaration was the price which the defendants agreed to pay, and that the measurements therein set forth

were correct. The case was tried on the defendants' answer of payment, declaration in set-off for $5,155.24, money had and received by the plaintiff to the defendants' use, and plea of accord and satisfaction.

The declaration in set-off was not filed until the end of the first day of the trial, and was allowed by the judge, on the agreement of parties that, if the verdict should be for the defendants on the declaration in set-off, the verdict should not be for any balance which the jury might find was due from the plaintiff to the defendants. The judge instructed the jury : " It is agreed between the counsel that there shall be no recovery by the defendants against the plaintiff for any surplus over and above the amount that is claimed by him, so that you will not trouble yourself with any figures with reference to any surplus. . . . If you find either that there was a payment, or that there was an accord and satisfaction, or that the plaintiff had and received the defendants' money, under the rules that I have given you, then you will find a verdict for the defendants, providing that you find that the amount that the plaintiff received was equal to the amount of his bill. If the defendants have failed to satisfy you by a fair preponderance of the evidence that there was a payment, or an accord and satisfaction, or that the plaintiff had and received the defendants' money, then your verdict will be for the plaintiff." No objection was made or exception taken to the foregoing instructions.

The jury returned a verdict for the defendants.

When the verdict was returned, both counsel being present, the counsel for the plaintiff suggested, in substance, that, owing to the agreement above stated in reference to the declaration in set-off, there was nothing to indicate whether the jury had found a verdict on that issue, and that knowledge of the finding, if any, on this point was a matter of importance to the plaintiff in case of any future action against him by the defendants, and requested the judge to interrogate the jury on this point.

The judge then asked the jury the following questions, to which the foreman gave the following answers: " *Q.* On which of the three issues did the jury find for the defendant, payment, accord and satisfaction, or set-off? *A.* On no particular one, — on all. *Q.* Did you find on the set-off? *A.* Not on that alone." The jury assented to the answers.

The plaintiff's counsel then suggested that the jury had not agreed on a verdict on any one of the issues of the case; but the judge put no further questions to the jury, and, against the objection of the plaintiff's counsel, directed the clerk to make the following memorandum entry on the docket: " In reply to a question by the court, the jury stated that they did not find on the defendants' declaration in set-off alone." The verdict for the defendants was received and recorded.

The plaintiff duly filed a motion for a new trial on the following grounds : " 1. Because the jury did not agree on any verdict for the defendants. 2. Because, if there was a verdict, it was against the evidence and the weight of the evidence. 3. Because, if there was a verdict, the jury did not follow the instructions of the presiding justice in the consideration of the same."

After hearing the parties on the motion for a new trial, the judge found that there was not sufficient evidence to sustain a verdict for the defendants on the issues of payment and accord and satisfaction; that there was sufficient evidence to sustain a verdict for the defendants on the declaration in set-off, and that therefore the verdict should stand.

At the request of the parties, the judge reported the case for the determination of this court. If the court should be of the opinion that the verdict should stand, then judgment for the defendants was to be entered on the verdict; otherwise, the verdict was to be set aside and a new trial granted.

*H. G. Nichols & C. K. Cobb*, for the plaintiff.

*J. J. Feely*, for the defendants.

ALLEN, J. It appeared to the satisfaction of the presiding justice that one of the grounds upon which the jury based their verdict for the defendants was the set-off. This opinion was warranted by the answers of the jury. Since there was evidence which in his opinion was sufficient to sustain a verdict for the defendants on that ground, it is immaterial that they answered that they were also in favor of the defendants on other grounds which he thought untenable.

*Judgment on the verdict.*