## MARY A. JONES *vs.* CITY OF BOSTON.

Suffolk. December 3, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil,* Actions tried together, Conduct of trial. *Way,* Defect in highway.

It is within the discretionary power of a judge of the Superior Court to order two actions of tort by the same plaintiff, one against a municipality under Pub. Sts. c. 52, now R. L. c. 51, for injuries alleged to be due to a defect in the highway and the other against a private individual for alleged maintenance of a nuisance, to be tried together where they depend upon the same state of facts.

At the trial of two actions of tort for personal injuries due to the plaintiff's tripping upon a pipe protruding in a highway, which were tried together, one action being against a city and the other against an individual who was constructing the street under contract with the city, the contractor testified in his own behalf and the defendant city requested the presiding judge to rule that none of his testimony could be used against it. The presiding judge refused to rule as requested, but instructed the jury that all of the witness's testimony could be so used except his admissions, which could be used only against himself. *Held,* that the refusal to rule and the instructions given were correct.

At the trial of an action against a city under Pub. Sts. c. 52, for injuries due to an alleged defect in a highway, there was evidence tending to show that the plaintiff, while rightfully upon the sidewalk of a highway on a dark night, stumbled upon a piece of iron piping protruding eight or nine inches above the

sidewalk and two or three feet from the curb, and fell, sustaining the injuries complained of, that there were no lights or warnings against using the sidewalk, although the roadway of the street was closed by wooden horses because of construction work going on there, that, previous to the accident, the water department of the city had placed the pipe as it was when the plaintiff stumbled upon it and that it had remained in that condition. *Held,* that there was evidence from which the jury were warranted in finding for the plaintiff.

TORT, under Pub. Sts. c. 52, for injuries received by the plaintiff on September 19, 1896, alleged to be due to a defect in the sidewalk on what then was Seaver Street in Roxbury. Writ in the Superior Court for the county of Suffolk dated November 14, 1896.

The previous history of this case and of the case of *Jones* v. *Collins et al.* is stated in the opinion. There was a motion by the plaintiff that this case and the case of *Jones* v. *Collins et al.* be tried together, which was heard by *Bishop*, J., who declined to rule, as requested by the defendant city, that the court had " no legal power under the laws of this Commonwealth to order an action against a municipal corporation for neglect of a duty imposed by statute tried with an action against an individual for negligence at common law," and granted the motion, and the defendant city excepted. The defendants in *Jones* v. *Collins et al.* were contractors who were building Columbus Avenue which had been laid out and extended to include that part of Seaver Street where the plaintiff was injured, and the basis of that action was the maintenance of a nuisance by the defendants in leaving unguarded and unlighted a sidewalk which was in their care and was unfit for travel, so that the plaintiff fell over a water pipe protruding from the sidewalk.

The two cases were tried together before *Bishop*, J. There was evidence which tended to show that the plaintiff and a companion were walking along the sidewalk, which was a part of the highway, on Seaver Street in Boston in the evening of September 19, 1896, that the companion was leading and the plaintiff was following closely; that it was a very dark night and was raining slightly; that there was a barrier across the end of the part of the street used for teaming purposes, but no barrier or warning or light of any kind upon the sidewalk ; that the plaintiff stumbled upon a piece of water pipe which was protruding eight or nine inches above the sidewalk two or three

feet from the curbstone; that the pipe was left there by persons employed by the water board of the city while the contractors, the defendants in the case of *Jones* v. *Collins et al.,* were at work upon the street.

At the close of the evidence, the defendant requested the presiding judge to rule: "The city is entitled, as a matter of law, to have the jury decide the case on the evidence introduced by the plaintiff and such evidence as it introduced by its attorney, and the jury cannot take into consideration any admissions or statements made by either of the defendants Michael J. Collins or Benjamin A. Ham which were admitted against the objection of the attorney for the defendant city."

The presiding judge refused to give the ruling, and instructed the jury, on this subject, as follows: "Two cases are being tried here together and they rest upon different grounds, they rest upon the same occurrence, that is the reason they are tried together. It is more convenient to try them together. The same state of facts exists in both cases as to the occurrence, but the claim against the city and the claim against the contractors rest upon different grounds, which I will state. . . .

"As against the city of Boston the admissions of Collins and Ham are not evidence. These two cases are being tried together and they involve different claims, as you know, as I have stated. If there is any evidence in this case by Mr. Ham or by Mr. Collins admitting any fact which might make against him, that does not make against the city of Boston. One person has no right to admit anything on behalf of another person; but when those gentlemen are on the witness stand, when those gentlemen have been on the witness stand, certain evidence testified to by them as witnesses may be evidence of facts the same as the evidence of any other witness who may testify, whether this affects the city or any other party."

To the refusal to rule as requested and to the instructions given, the defendant city excepted, as it did also to a refusal of the presiding judge to direct a verdict in its favor.

*S. M. Child*, for the defendant.

*G. F. Ordway*, for the plaintiff.

MORTON, J. This is an action for personal injuries, and was tried, pursuant to an order of the court, duly excepted to by the

defendant city, with another action for the same injuries against the contractors Collins and Ham. There was a verdict for the plaintiff in each case and exceptions were taken by the defendants in each case. Those taken by Collins and Ham have not been presented, and those taken by the city are the only ones before us. The case against Collins and Ham was before this court and is reported in 177 Mass. 444. Subsequently, at a retrial of the case against Collins and Ham, the court, subject to the city's objection and exception, ordered that case and this to be tried together. A trial was had and a verdict was directed for the defendants in each case. The plaintiff took exceptions which were sustained by this court in a decision reported in 188 Mass. 53.

Again the two cases were ordered to be tried together, and the exceptions now before us are to that order, to the refusal of the court at the trial to direct a verdict for the defendant, and to the admission of certain evidence. Whether the two cases should be tried together or separately was a matter relating to the conduct of the business before the court, and was entirely within the discretion of the presiding justice. *Burt* v. *Wigglesworth*, 117 Mass. 302. *Springfield* v. *Sleeper*, 115 Mass. 587. *Witherlee* v. *Ocean Ins. Co.* 24 Pick. 67. If the order directing them to be tried together is subject to revision here, then we see nothing improper in the exercise of his discretion by the presiding justice. The two cases depended on the same state of facts, and the order to try them together tended to economy of time and money. The rights of the defendant were carefully guarded in respect to such matters as affected Jones and Collins, but did not affect the defendant city. There is nothing in the nature of things to prevent a case against a municipality or corporation from being tried with a case for the same injuries against private individuals.

In the opinion pronounced when the case was here before, it was said, "the question for trial in the case against the city was whether the defendant city had used reasonable care and diligence to protect the travelling public against the defect in Seaver Street or Columbus Avenue caused by an iron water shut-off twelve inches above the sidewalk, and three or four inches in diameter; and we are of opinion that the jury could find that it

had not done so." We see no reason to modify or change the views thus expressed and they conclude the case as it now stands. The testimony for the plaintiff was substantially the same as at the former trial, and the city's defence was substantially the same.

The exceptions in regard to matters of evidence have not been pressed, and we, therefore, treat them as waived. We see no error in the manner in which the trial was conducted.

*Exceptions overruled.*