JOHN BURKE *vs.* STEPHEN D. HODGE & another.

JOHN DOMEO *vs.* SAME.

LUIGI PERONE *vs.* SAME.

JOHN BURKE *vs.* DAVID MCARTHUR & another.

LUIGI PERONE *vs.* SAME.

JOHN DOMEO *vs.* SAME.

Middlesex.    November 15, 16, 1911. — February 29, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Practice, Civil,* Trial of cases together, Conduct of trial, Exceptions, New trial. *Jury and Jurors. Joint Tortfeasors. Negligence,* Proximate cause.

Where it appears that three actions, each by a workman against his employer, and three other actions by the same plaintiffs against an independent contractor, are for personal injuries alleged to have been caused by the falling of a wall of a building in the construction of which both of the defendants in the cases were engaged, it is a proper exercise of discretion by a judge of the Superior Court to order that the six actions be tried together.

A ruling here was held to have been refused properly, because, although correct as an abstract proposition of law, there was no evidence to which it was applicable.

A remark of a presiding judge in submitting special questions to the jury here was held to have been proper in the connection in which it was used.

Where, after a jury have returned answers to questions submitted to them in writing by the presiding judge, the judge orally asks them a further question with regard to a material issue, he should not accept and act upon an answer given orally by only two of the jurymen, neither of whom is the foreman, although there is no contradiction by the other jurymen.

A workman who was injured by the falling of a concrete wall which his employer was engaged in constructing brought two actions for his personal injuries, one against his employer and the other against a carpenter whose employee, without any order express or implied from the plaintiff's employer, had removed from the wall a wooden form in which the concrete had been placed to harden. The two actions were tried together. At the close of the evidence, the presiding judge did not ask the jury to find a general verdict, but with ample instructions submitted to them seventeen carefully phrased questions in writing, in answer to one of which the jury stated that "the proximate cause" of the accident was the removal of the wooden form. To another question they answered that the plaintiff's employer was negligent in making the concrete for the wall, and to another that the wall fell because the concrete was made of wrong constituents. The judge then asked the jury orally, whether by their answers they meant that the only proximate cause of the accident was the removal of the form by the carpenter or that the negligence of the plaintiff's employer in the mixing

of the concrete contributed and was also a proximate cause. Two jurors, neither of whom was the foreman, replied orally, "Both." Thereupon the judge ordered verdicts against both defendants. Exceptions of the defendant carpenter were overruled, but, because the judge relied on the answers of the two jurors, exceptions of the plaintiff's employer were sustained, and *it was ordered* that the answers to the seventeen questions submitted to the jury should stand unless the trial judge should determine that justice required a new trial upon the issue in regard to the proximate cause of the accident, and that, in case such a new trial should be ordered, that issue should be modified so as to require an answer showing whether the negligence of the plaintiff's employer in making the concrete was a contributing proximate cause of the accident.

SIX ACTIONS OF TORT, described in the opinion, each to recover for personal injuries suffered by reason of the falling upon the plaintiff of a cellar wall in process of construction in Waltham. The writs in the actions in which John Burke was the plaintiff were dated June 23, 1909. In the other actions against the members of the firm of McArthur Brothers the writs were dated July 9, 1909, and in those against the members of the firm of Hodge, Kerr and Company the writs were dated April 4, 1910.

In the Superior Court the cases were tried together before *Wait*, J. The seventeen questions submitted to the jury and the answers thereto were as follows:

1. "Were Perone, Domeo and Burke each in the exercise of due care? If any were not, who?" Answer, "Yes."

2. "Did either Perone, Domeo or Burke assume the risk of the falling of the wall? If either did, who?" Answer, "No."

3. "Was John Burke a superintendent or one whose sole or principal duty was superintendence?" Answer, "No."

4. "What was the proximate cause of the accident?" Answer, "Removing of the forms."

5. "Were McArthur Bros. negligent in constructing forms or braces?" Answer, "No."

6. "Were McArthur Bros. negligent in removing forms or braces?" Answer, "Yes."

7. "Were Hodge, Kerr & Company negligent in constructing forms or braces?" Answer, "No."

8. "Were Hodge, Kerr & Company negligent in removing forms or braces?" Answer, "Yes, in removing one brace on retaining wall."

9. "Were Hodge or Kerr negligent in making of concrete for the part of the wall which fell?" Answer, "Yes. Kerr."

10. "Did the wall fall in consequence of removal of supports by McArthur Bros.?" Answer, "Yes."

11. "Did the wall fall in consequence of removal of supports by Hodge, Kerr & Company?" Answer, "No."

12. "Did the wall fall in consequence of improper making of concrete, in the constituents, or mixing?" Answer, "Yes."

13. "Were the plaintiffs Perone or Burke, or either of them, negligent in the mixing of the concrete?" Answer, "No."

14. "Were the plaintiffs or any of them injured in consequence of a negligent failure to warn them, or him, of danger from a falling wall?" Answer, "No."

15. "What are the damages of Burke?" Answer, "$2,700."

16. "What are the damages of Perone?" Answer, "$250."

17. "What are the damages of Domeo?" Answer, "$350."

After questioning the jury orally and receiving the answers of certain of the jurymen, as stated in the opinion, the judge ordered verdicts for Burke in each of the actions in which he was plaintiff for $2,700, for Perone in each of his actions for $250 and for Domeo in each of his actions for $350; and the defendants severally alleged exceptions.

*H. D. McLellan,* for Hodge, Kerr and Company.

*D. W. Corcoran,* for McArthur Brothers.

*P. J. Duane & J. G. Wright,* for the plaintiffs.

RUGG, C. J. 1. These are six actions, each of three different plaintiffs bringing an action against his employers, a firm known as Hodge, Kerr and Company, and another against a firm of independent contractors known as McArthur Brothers, both engaged in the erection of the same building under separate contracts with a third person. The cause of action for each plaintiff was tort for personal injuries received by a falling wall while he was laboring in the construction of the building. In the actions against his employers each plaintiff declared at common law and under the employers' liability act, while in the actions against the independent contractors the counts were at common law. Against the objection and exception of those defendants who were the independent contractors, the judge of the Superior Court directed all the actions to be tried together. In this no error is shown. All the actions grew out of a single physical incident. The evidence by which they were supported and defended was largely the same. The injury received

by each plaintiff could not vary with the defendant, although the maximum of recovery would differ in the common law action from that under the employers' liability act. Under these circumstances it was proper and within the discretion of the trial judge to order all the cases tried together. *Witherlee* v. *Ocean Ins. Co.* 24 Pick. 67. *Kimball* v. *Thompson,* 4 Cush. 441. *Springfield* v. *Sleeper,* 115 Mass. 587. *Burt* v. *Wigglesworth,* 117 Mass. 302. *Commonwealth* v. *Miller,* 150 Mass. 69. *Sullivan* v. *Boston Electric Light Co.* 181 Mass. 294, 305. *Sullivan* v. *Fugazzi,* 193 Mass. 518, 520. *Jones* v. *Boston,* 197 Mass. 66. R. L. c. 173, §§ 2, 3, have no bearing upon this rule of practice recognized for many years that in the interest of economy of time and expense separate actions depending in great degree upon the same evidence may be tried together in the judicial discretion of the presiding justice.

2. The contract of McArthur Brothers required them to do the carpenter work on the building. It was contended by them at the trial that the evidence showed that they were to build certain forms into which Hodge, Kerr and Company, the plaintiffs' employers, who were contractors for concrete walls, were to place material, and that McArthur Brothers were to remove the forms as ordered by Hodge, Kerr and Company. This evidence is not reported, and from the record it cannot be determined whether it in fact supported these contentions. One Griffin testified that he was a carpenter in the employ of McArthur Brothers, and removed the forms from the part of the wall which fell, the last being about fifteen minutes before the accident, and there was no testimony that this was by direction of Hodge, Kerr and Company or anyone in their employ. Upon this state of the evidence, McArthur Brothers requested the court to instruct the jury that "If Griffin or anybody in the employ of McArthur Brothers removed any forms not in the scope of their employment and without authority of McArthur Brothers, then it is not the act of McArthur Brothers for which they are liable." This was refused, and the jury were instructed that upon the evidence Griffin was one for whose act McArthur Brothers were responsible. The testimony of Griffin being the only testimony upon this point, there was nothing to control his statement that as a carpenter in the employ of McArthur Brothers he performed work which it was a part of their contract to do. There was no evidence on which an inference could be

founded that he exceeded his instructions or that he was not acting within the scope of his employment.   Hence no matter how sound the request may be as an abstract proposition of law, it was refused properly as having no relevancy to the issue raised.   The request did not present the point whether Griffin was in the employ of McArthur Brothers, but only whether being in their employ he exceeded his authority.   The determination of the question, whether Griffin or others in fact removed the forms, was left to the jury.

3. The defendants, McArthur Brothers, excepted to a portion of the charge.   But no error is shown.   The jury were not asked to find a general verdict, but to answer seventeen questions, important among which was one as to the proximate cause of the accident.   It was in respect to that circumstance that the jury, after being instructed to find what the fact was with regard to the persons who might be responsible for the cause, were told in passing that if the plaintiffs "were not negligent and somebody else was, they are entitled to a verdict, and ordinarily it would not be any matter of interest to them which party they got their verdict against.   It would be left to the defendants to fight that battle out between themselves."   This was simply one way of impressing upon the minds of the jury their duty to answer the questions according to the evidence, regardless of which firm of defendants might appear to be affected thereby, for that was a matter which would be determined as between the two defendant partnerships in some other way.   It cannot be doubted that ample instructions had been given as to the grounds upon which the several questions were to be answered.   In view of the careful and definite phrase of each question and the precise point to which each was directed, the language of the charge quoted above, to which exception was taken, is not fairly susceptible of the construction that the jury thereby were given to understand that if the plaintiffs were in the exercise of due care all the defendants were to be held as if they were joint tortfeasors.   No one of the questions in terms fixed liability upon either set of defendants, although several related to specific acts of negligence.   Liability became a question of law dependent upon the answers given.

4. Among the seventeen questions submitted to the jury were these:

(4) "What was the proximate cause of the accident?" To which the answer was "Removing of the forms."

(9) "Were Hodge or Kerr negligent in making of concrete for that part of the wall which fell?" To this the jury answered "Yes. Kerr."

(12) "Did the wall fall in consequence of improper making of concrete, in the constituents, or mixing?" To that the answer was "Yes."

For the removal of the forms it appears that McArthur Brothers alone were responsible, while for the concrete Hodge, Kerr and Company were alone responsible. The court gave full and accurate instructions as to what constituted proximate cause, and definitely pointed out that one or more of several causes might be the efficient agency, or that all together might concur, in producing the harmful result. When the answers were returned "the court asked the jurors whether by their answers they meant to find that the only proximate cause of the accident was the removal of the forms by McArthur Brothers or that the negligence of Kerr in mixing of the concrete contributed and was also a proximate cause." Two jurors, neither of whom was the foreman, replied orally without contradiction from their fellows, "Both." Thereupon, without more, the court directed that verdicts be entered for the plaintiff in each of the six cases for the amount of damages found by the jury for each. The exceptions of the defendants constituting Hodge, Kerr and Company bring the legality of this action under review. The foreman of the jury has been recognized by our statutes, and the manner of his choice regulated since the enactment of St. 1807, c. 140, § 11. (Rev. St. c. 95, § 22. Gen. Sts. c. 132, § 25. St. 1881, c. 300. Pub. Sts. c. 170, § 28. St. 1897, c. 515, § 8. R. L. c. 176, § 25.) He is thus recognized by the statutes, as well as by the long established custom of the courts, as the one who presides over the deliberations of the jury. His duty in this regard requires a maintenance of orderly discussion and decision. While his power is no greater than that of any juror, he is by virtue of his office the first juryman, and the chief of the twelve for the purpose of communicating with the court. He is the legally recognized voice of the jury. Through him the jury speaks. His signature alone is appended to verdicts and other papers in which the finding of the jury is expressed, and not

that of each juror. In most instances the assent of the other members of the panel to all conclusions expressed in open court is asked formally, in order that there may be no mistake. Not infrequently questions are put orally to the jury by the presiding justice. On such occasions it is the general practice to receive the answer of the foreman and of him alone, assented to by his fellows. This is the way in which orderly conduct best can be preserved, except in instances where there is a poll of the jury. In *Spurr* v. *Shelburne*, 131 Mass. 429, it was said: "It is within the discretion of the presiding justice to put inquiries to the jury as to the grounds upon which they found their verdict, and the answers of the foreman, assented to by his fellows, may be made a part of the record, and will have the effect of special findings of the facts stated by him." *Dorr* v. *Fenno*, 12 Pick. 521. Illustrations of the practice of receiving the oral reply of the foreman are found in *Lawler* v. *Earle*, 5 Allen, 22, *Hadley* v. *Heywood*, 121 Mass. 236, *Ellis* v. *Block*, 187 Mass. 408, *Brown* v. *Dean*, 123 Mass. 254, *Edwards* v. *Worcester*, 172 Mass. 104, *Parent* v. *Smith*, 160 Mass. 314, *Chapman* v. *Coffin*, 14 Gray, 454, *Hix* v. *Drury*, 5 Pick. 296, *McManus* v. *Thing*, 208 Mass. 55, and *Hart* v. *Brierley*, 189 Mass. 598, 600, 604.

Even the cases relied upon by the plaintiff are to the same effect. In *Blum* v. *Pate*, 20 Cal. 69, it appears that the foreman spoke for the jury, and the court observed: "the verdict should in all cases be either declared by the foreman of the jury, or, if sealed, read by the clerk." In *Raymond* v. *Bell*, 18 Conn. 81, it is stated in the headnote that the reply was made by the foreman, and in *Roberts* v. *State*, 14 Ga. 18, it is said that the oral response was made by the foreman. Whatever other observations appear were dicta. It was wholly irregular to accept, in reply to a question by the court, a statement as to the view of the jury from any other source than the foreman. When any other than the foreman undertakes to speak, it might well be that the remaining members of the panel would not feel called upon either to approve or dissent. Silence under these circumstances does not imply the sanction that would arise from silence after an answer by the foreman. While this irregularity might have been cured by an express consent by every juryman to the volunteer reply thus interjected, that course was not followed.

Moreover, this oral reply, if it had been regularly made, was

inconsistent in an essential respect with the written answers returned by the jury, and was not competent to modify their effect. The written answer was clear and unequivocal, to the effect that the proximate cause of the accident was the removal of the forms. This answer was in substance that there was no other proximate cause, in view of the charge and the evidence, upon which it was open for the jury to find that two agencies acting concurrently constituted the proximate cause. It cannot be said, as matter of law, that there was an inconsistency between the answers to questions (4), (9) and (12) which have been quoted. It might have been for aught that appears, that although Hodge, Kerr and Company were negligent in making the concrete and that the wall fell because of improper constituents, the wall would not have fallen as and when it did, and hence the accident would not have occurred, except for the negligence of McArthur Brothers in removing the forms. The concrete wall might have hardened sufficiently, so that it would have stood in such a way as not to have caused the accident but for the negligent removal of the forms. If the Superior Court judge felt that there was any possibility of mistake, he should have sent the jury out again under apt instructions for the correction of any error. *Kenney* v. *Habich,* 137 Mass. 421. *Produce Exchange Trust Co.* v. *Bieberbach,* 176 Mass. 577, 594, and cases cited. This was not a case of clerical or palpable error which may be corrected without the jurors leaving their seats. *Whitney* v. *Commonwealth,* 190 Mass. 531, 540, and cases cited. The oral reply of the two jurymen had no effect to modify in any way the formal answers in writing of the jury to the questions submitted to them regularly signed and returned into court. *Cairns* v. *Cairns,* 109 Mass. 408. Upon the written answers of the jury, it follows that the verdicts for the plaintiffs in the three cases against their employers was directed wrongly, and that verdicts should have been ordered for these defendants. Their request to this effect should have been granted. Ordinarily, the circumstances of this case would not call for a direction by this court to enter judgment for the defendants under St. 1909, c. 236. *Archer* v. *Eldredge,* 204 Mass. 323, 327. The plaintiffs have, however, recovered verdicts against McArthur Brothers compensatory in amount for the injuries they have suffered. If they had recovered judgments against the members of both

firms of defendants they could have had but one satisfaction. They could have recovered judgment against both defendant co-partnerships only on the theory that they were joint tortfeasors. Between joint tortfeasors *in pari delicto* as to each other, there is no right of contribution. *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, 154. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 217. If the reply of the two jurors be considered in this connection, it is apparent that the two defendant firms were joint tortfeasors *in pari delicto.* There is no reason why there should be another trial of the cases, unless the real interests of the plaintiffs require it. The Commonwealth ought not to be put to the expense of another trial merely for the sake of establishing whether two distinct defendants were joint wrongdoers when the culpability of one has been fixed. In any event, the only error in the trial of the actions against Hodge, Kerr and Company relates to the action of the judge of the Superior Court in modifying in effect the written answer of the jury to question (4) as to what was the proximate cause of the injury to the several plaintiffs. All other issues have been fairly settled by the answers of the jury and should not be retried. *Simmons* v. *Fish,* 210 Mass. 563. The exceptions are sustained in the actions against Hodge, Kerr and Company, but the answers are to stand unless the Superior Court shall determine, within sixty days after the rescript, that justice requires a new trial upon issue (4), and if it shall so determine then that issue may be modified so as to read: "Was the negligence of Hodge, Kerr and Company in making concrete for the part of the wall which fell a contributing proximate cause to the accident ?" Unless the Superior Court does so determine within sixty days from the rescript, judgment shall be entered for the defendants on the answers.

Let the entry be in each of the actions against the members of the firm of McArthur Brothers

*Exceptions overruled.*

Let the entry be in each of the actions against the members of the firm of Hodge, Kerr and Company

*Exceptions sustained; subsequent procedure in accordance with directions of opinion.*