FREDERICK H. MERRICK & others *vs.* GEORGE F. BETTS.

Middlesex. March 2, 3, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Practice, Civil,* Rescript of this court, New trial. *Supreme Judicial Court. Superior Court.*

Where, on exceptions to the rulings of a judge of the Superior Court made at the trial of two issues on an appeal from the Land Court, this court issues a rescript containing the unqualified order "Exceptions sustained," this means that there shall be a new trial upon both the issues, although it is held by this court in the opinion accompanying the rescript that there was error only in the trial of one of the issues; and at the new trial the presiding judge has no power to confine such trial to the issue in regard to which the error was committed.

RUGG, C. J. This is a writ of entry. The tenant appealed from an adverse decision by the Land Court to the Superior Court for a trial by jury. The title depends upon who were the heirs at law of one Frederick Merrick. Several issues were framed, only two of which now are important. The first was, "What relation, if any, did the demandants, and each and all of them, bear to the testator, Frederick Merrick?" The second was, "Did said Frederick Merrick at the time of his decease leave any issue? If so, who were they?" The jury answered these two questions, and the case came here upon the tenant's exceptions. 214 Mass. 223. These exceptions were sustained by a general rescript which contained no further directions as to the course to be taken at the new trial. In the opinion, this court, in discussing the questions of law raised, held that error was committed only respecting the first issue.

Plainly it would have been within the power of this court to have restricted the new trial to the single issue as to which a mistake of law had been committed, provided it had decided that the real interests of the parties required such a course. *Simmons* v. *Fish,* 210 Mass. 563. *Burke* v. *Hodge,* 211 Mass. 156. But no such restrictive order was made in the rescript. The entry simply was "Exceptions sustained." This means as matter of practice that there shall be a wholly new trial upon all the issues open on

the record. It does not vest in the trial court power to search through the former record and ascertain the issue as to which the mistake of law was committed and restrict the trial to that issue alone. Jurisdiction to determine whether such a course ought to be pursued in the interests of justice rests with this court alone in the exercise of its appellate powers. When it omits to make any restrictive order as to the scope of a new trial, the result of sustaining exceptions is to open the whole case for another trial. The effect is the same whether a general verdict was entered or issues were framed to be answered by the jury.

Accordingly, it was error for the judge of the Superior Court* to rule that the first issue alone was open at the second trial. *Hawks* v. *Truesdell*, 99 Mass. 557.

*Exceptions sustained.*

*C. G. Morgan*, for the tenant.

*S. Parsons*, (*E. C. Jacobs & A. L. Millan* with him,) for the demandants.