*W. H. Thorpe*, for the defendant.
*S. Bamber*, for the plaintiffs.

---

IRENE KENNEDY *vs.* DAVID B. ARMSTRONG.

Suffolk. January 21, 1916. — March 4, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Conduct of trial: instructions to disregard certain evidence, Cases tried together. *Evidence,* Opinion, Admissible against defendant in one only of two cases tried together. *Joint Tortfeasors.*

It is not an abuse of judicial discretion for a judge, who is presiding at the trial together of two actions of tort by the same plaintiff against different defendants for personal injuries resulting from a collision of automobiles, to refuse to stop the trial and to take one of the cases from the jury merely because the plaintiff's coun-

---

sel, in cross-examination of a medical expert called by the defendant in that case, with what the judge found to be "no intention, or censurable fault" on his part, asked the witness if, in testifying in court, he "usually" had testified "for an insurance company or defendant," which, it was contended, would suggest to the jury that the defendant was insured and that the defendant in interest was an insurance company, although, in cross-examination of a witness for the same defendant by the counsel for the other defendant, the witness made an irresponsive answer indicating that the first defendant had referred him to an insurance company.

No exception lies to the admission of evidence which the presiding judge afterwards during the trial orders stricken from the case.

*Whether*, at the trial of actions for personal injuries resulting from a collision of automobiles, testimony of a witness, that he was in a position to hear the horn of either of the automobiles, is admissible, it was not necessary to decide in the present case.

If, at the trial together of two actions by the same plaintiff for personal injuries received in a collision of two automobiles, owned, respectively, by the defendants in the two cases, the defendant in one of the cases, against the objection and exception of the defendant in the other case, but without objection by the plaintiff, offers in evidence as against the plaintiff a paper purporting to be a copy of a statement made by the driver of the automobile of the defendant offering the paper, which recites facts tending to show that the collision occurred without fault of that driver and because of negligence of the other defendant, and the presiding judge several times instructs the jury clearly and decisively that the statement was not evidence against the other defendant and must be disregarded as to him, the exception must be overruled.

TORT for personal injuries received in a collision between an automobile of the R. & L. Company, in which the plaintiff was, and an automobile of the defendant. Writ dated June 5, 1913.

The action was tried before *King*, J., together with one by the same plaintiff against the R. & L. Company. In the course of the cross-examination, by the counsel for the defendant Armstrong, of an employee of the R. & L. Company, it appeared that one Warren, the driver of the automobile of the R. & L. Company, had made a report to his employer immediately after the accident. In cross-examination of the witness by the counsel for the plaintiff, it appeared that the report had been sworn to but that the original could not be found, and that the witness could not remember that the report was signed "William H. Warren, R. & L. Company, 915 Boylston Street, Boston." On redirect examination the witness was shown a paper procured from the plaintiff's counsel, which he testified was a copy of that report. After a colloquy of the counsel for the two defendants and the judge, the paper was offered and excluded.

The counsel for the plaintiff then asked the witness, "Since looking at the paper . . . is your memory so refreshed that you are now able to remember that Mr. Warren signed the paper William H. Warren, R. & L. Company, 915 Boylston Street?" and the witness answered, "No, no, because —"

The counsel for the R. & L. Company then again offered the paper, and, the plaintiff stating that he had no objection to it, the judge admitted it.

In the course of the colloquy with regard to the admission of the paper, the counsel for the defendant Armstrong stated to the presiding judge, "One further question. You have admitted it, as I understand it, as against the plaintiff, how can it be against the plaintiff?"

The judge replied, "I don't know, but he didn't object to it, I don't know that it acts against him, but he is not objecting to it, it being offered by one defendant, as between the R. & L. Company and the plaintiff, it is received without objection. As against the defendant Armstrong it is excluded, and the jury are expressly told not to consider it as far as Armstrong is concerned."

The entire paper then was read to the jury, the judge repeatedly interjecting instructions that it was in no sense evidence that the jury could consider against the defendant Armstrong. The defendant Armstrong excepted. The contents of the paper were as follows:

"Saturday, May 3rd, 1913. About 4.45 P. M. while driving a Garford automobile, Model G. 8 Chasis 214 touring car, registered in Massachusetts under number 0526J, property of the R. & L. Company, on Cross Street, Somerville, in the direction of Boston, Mass., a car driven by David B. Armstrong, registered under number 0834B Massachusetts, came out of Flint Street, giving no audible signal, and struck the car I was driving at right hand rear wheel, breaking three spokes in wheel, bent rear fender beyond repair, dented touring body, smashed hub cap and caused injuries to the brake and axle. This accident was unavoidable on my part. The occupants of my car were E. A. Gilmore, 200 Devonshire Street, Irene Kennedy, 200 Devonshire Street, and Reginald Gilmore, 14 years old. The occupants of the car driven by David Armstrong were Abner T. Armstrong and J. W. Palmer of Somerville. I was driving at the rate of 15 miles an hour and

was on the proper side of the road, namely, the right hand side. The registration number 0834B, Massachusetts, is under the name of Armstrong and Curtis, Somerville, Mass. William H. Warren, R. & L. Company, 915 Boylston Street, Boston."

There was a verdict for the plaintiff in the sum of $15,505. On motion of the defendant it was ordered that the verdict be set aside unless the plaintiff should remit $6,000 therefrom, the judge filing the following memorandum:

"1. I deem the damages awarded the plaintiff excessive for the injuries sustained by her.

"2. Through no intention, or censurable fault of counsel, but through probable inadvertence of a witness, the jury that tried this cause learned, or had reason to believe, that the defendant had at the time of the plaintiff's injury some sort of insurance relating thereto and affecting his liability therefor. It seems to me natural, if not almost inevitable, that a verdict should in such a case, and that this verdict does, to a substantial extent, reflect the influence upon the jury of this information. With some hesitation I concluded at the time not to stop the trial of this cause and another being tried therewith because such information or suggestion of insurance had come to the knowledge of the jury. Nor do I now feel called upon to set aside the verdict absolutely. But it seems to me to be in furtherance of justice to give the plaintiff an opportunity to remit a part of her verdict, and only in case of her refusal to do so, to set aside the verdict absolutely and direct a new trial."

Other facts are stated in the opinion.

The defendant alleged exceptions.

*C. A. Dunham,* for the defendant.

*E. Field,* for the plaintiff.

CARROLL, J. The plaintiff was injured while in an automobile of the R. & L. Company, which collided with an automobile of the defendant. She brought suit against both the defendant and the R. & L. Company. The cases were tried together and a verdict of $15,505 was recovered against each. On the defendant's motion to set aside the verdict, the judge * ordered the verdict set aside unless the plaintiff remitted $6,000, to which she agreed.

1. Dr. Davison, a witness for the defendant Armstrong, on

---

\* *King,* J.

cross-examination by the plaintiff was asked: "How frequently do you testify in court?" to which he answered: "I have testified in court twenty times." This question was then put to him by the plaintiff's counsel: "Usually for an insurance company or defendant?" This question was not answered, the defendant asking to have the case taken from the jury. The judge refused this request, to which refusal the defendant excepted. If the judge thought this question was asked for the purpose of leading the jury to suppose an insurance company, and not the defendant, was the real defendant, thus turning their minds from the real issue in the case and tending to arouse prejudice against the defendant, the judge had the right in the exercise of a sound judicial discretion to take the case from the jury. There is nothing in the evidence, however, to show that there was any abuse of this discretion in refusing the request of the defendant, and we cannot revise his decision. In fact, the judge in his statement filed with the decision on the motion to set aside the verdict says there was "no intention, or censurable fault of counsel." The plaintiff clearly was not at fault because a witness, who was later called by one of the defendants, and while he was under cross-examination by the counsel for the other defendant, made an irresponsive answer indicating that Armstrong referred him to the insurance company. *Nickerson* v. *Glines,* 220 Mass. 333.

2. A witness for the plaintiff testified that she was in a position to hear the horn of either automobile, if blown. To this the defendant excepted and later the judge ordered the testimony stricken out. Even if this evidence were inadmissible, a question which we are not called upon to decide, (see *Slattery* v. *New York, New Haven, & Hartford Railroad,* 203 Mass. 453; *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532,) this exception must be overruled, because the judge ordered the evidence to be stricken from the case.

3. A witness was permitted to read from a paper purporting to be a copy of a statement made by the driver of the R. & L. Company's automobile. It was offered by the R. & L. Company as evidence against the plaintiff. The cases against the R. & L. Company and this defendant were tried together, and each defendant had the right to present all the material evidence bearing on the issue, even if prejudicial to the other. The judge more than

once, while the admissibility of the evidence was under discussion, and again when the witness was testifying, instructed the jury clearly and decisively that the statement was not evidence against Armstrong and must be entirely disregarded as to him. We do not see what more the judge could have done to protect the defendant's rights. *Williams* v. *Taunton,* 125 Mass. 34, 39, 40. *Produce Exchange Trust Co.* v. *Bieberbach,* 176 Mass. 577. *Jones* v. *Boston,* 197 Mass. 66.

The remaining exceptions are not argued on the defendant's brief, and we consider them waived.

*Exceptions overruled.*