GERALD M. McCARTHY *vs*. DEWEY E. DAGGETT.

Essex.    October 7, 1966. — November 3, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Practice, Civil,* New trial.    *Agency,* Double employment.    *Evidence,* Relevancy and materiality.

In an action of contract in which there was a verdict for the defendant
on a count of the declaration on an express contract and a verdict for
the plaintiff on a count in quantum meruit, and on exceptions of the
defendant this court's rescript order was "Exceptions sustained," the
verdict for the defendant did not preclude a retrial of the count on the
express contract as well as the other count; language in the opinion of
this court that "the express contract [was] out of the case" was directed
to an argument and was not restrictive of the rescript order.    [338–339]
At the trial of an action by a broker to recover a commission for a sale
of real estate, the judge rightly refused the defendant's request for a
ruling that the plaintiff could not recover if, without the defendant's
knowledge, he had acted for the buyer as well as for the defendant,
where there was no evidence that the plaintiff had acted as a double
agent; the mere fact that the same attorney had acted for both the
plaintiff and the defendant in the transaction was without significance.
[339]
At the trial of an action by a broker to recover a commission for a sale
of real estate in which the defendant received a mortgage back from
the buyer stipulating the rate of interest and the principal amount owed
but did not receive a promissory note, where the defendant raised the
defence that he was not mentally competent when he employed the
plaintiff and it appeared that there was medical evidence on the issue
of his sanity, there was no error in the exclusion of testimony, offered
to show lack of mental capacity of the defendant, that it was the "custom and usage" in real estate transactions involving a purchase money
mortgage for the buyer to give a promissory note to the seller.    [339–
340]

CONTRACT.    Writ in the Superior Court dated August 19,
1957.

Following the decision of this court reported in 344 Mass.
577, the action was retried before *Gourdin,* J.

*C. A. Peairs* (*Phil D. Fine* with him) for the defendant.
*Harold Katz* for the plaintiff.

SPALDING, J.   In this action of contract the plaintiff seeks
to recover a brokerage commission for the sale of real
estate.   The declaration is in two counts, count 1 on an ex-
press contract and count 2 on quantum meruit.   This case
has been tried twice and is here for the second time.[1]   In
the first trial the defendant excepted to the judge's striking
his defence of insanity.   The jury at that trial returned a
verdict for the defendant on count 1 and for the plaintiff in
the sum of $32,500 on count 2.   This court held that the
striking of the defence of insanity was error.  344 Mass.
577.

At the second trial both counts were submitted to the
jury who found for the plaintiff on count 1 and for the de-
fendant on count 2.   The defendant excepted to the denial
of his motion to strike count 1 of the declaration; to the
failure of the judge to give certain instructions; and to a
ruling on evidence.

1.   The defendant contends that the verdict in his favor
on count 1 in the first trial precluded a retrial of that count.
The rescript in 344 Mass. 577, reads, "Exceptions sus-
tained."   "This means as matter of practice that there
shall be a wholly new trial upon all the issues open on the
record. . . .   The effect is the same whether a general ver-
dict was entered or issues were framed to be answered
by the jury."   *Merrick* v. *Betts,* 217 Mass. 502, 502–503.
*Reidy* v. *Kennedy,* 233 Mass. 514, 518–519.   *Cheney* v. *Bos-
ton & Maine R.R.* 246 Mass. 502, 505.   See *Woodworth* v.
*Woodworth,* 273 Mass. 402, 407.   It would have been within
the power of this court to have restricted the new trial to
specified issues.   *Simmons* v. *Fish,* 210 Mass. 563.   *Burke*
v. *Hodge,* 211 Mass. 156, 164.   *Merrick* v. *Betts, supra,* at
page 502.  G. L. c. 231, § 132.   And when such a restriction
is intended it has been explicitly stated.   See, e.g., *Burke* v.
*Hodge, supra; Pilos* v. *First Natl. Stores Inc.* 319 Mass. 475,
479.   The defendant urges that the language of the rescript
was modified by the following language in the opinion:
"Recovery on count 2 in quantum meruit, accompanied by

---

[1] *M. DeMatteo Constr. Co.* v. *Daggett,* 341 Mass. 252, also arose from the
transaction here involved.

the verdict for the defendant in count 1, put the express contract out of the case." 344 Mass. 577, at page 579. We do not agree. That language was directed only to the defendant's argument that the action was premature; it was not restrictive of the order, "Exceptions sustained." The judge rightly denied the defendant's motion to strike count 1. We have examined the numerous cases cited by the defendant and find nothing in them at variance with this conclusion.

2. The defendant presented several requests that the jury be instructed that if the plaintiff acted as agent for both parties, without the defendant's knowledge, he could not recover. The judge rightly refused these requests. We have no doubt that they correctly stated the law. *Farnsworth* v. *Hemmer,* 1 Allen, 494, 495–496. *Sullivan* v. *Tufts,* 203 Mass. 155, 157. *Friedman* v. *Ballard,* 250 Mass. 167, 169. But there was no evidence that the plaintiff acted as a double agent in violation of this principle. And the fact that the same attorney acted for both the plaintiff and the defendant, without more, does not aid the defendant.

3. Mr. Ambrogne, an attorney, testified for the plaintiff. It appeared that he had represented the defendant in some of the negotiations with the DeMatteo Construction Co. out of which the present claim for a commission arose. It also appeared that when papers were passed there was a deed of the real estate by the defendant to the construction company and a mortgage back from the company; but there was no note. On cross-examination the witness testified that he was a "specialist in real estate law" and was "familiar with the custom and usage in Massachusetts real estate conveyancing when there is a purchase money mortgage." He was then asked if it was the "custom and usage" in Massachusetts when a purchase money mortgage was involved for the buyer to give a promissory note to the seller, in addition to the mortgage, for the balance due on the mortgage. The question was excluded subject to the defendant's exception. The defendant made an offer of proof that the expected answer would be yes. The sole purpose of this evidence

was to show lack of mental capacity on the part of the defendant. There was no testimony that this departure from custom with respect to the mortgage imposed any harsh or unfair conditions upon the defendant. The mortgage itself provided both the rate of interest and the principal amount owed. At all times during the negotiations and the consummation of the transaction, the defendant was represented by counsel. Moreover, there was a substantial amount of medical evidence bearing directly on the issue of insanity. The judge could very well have concluded that evidence of ''custom and usage'' with respect to purchase money mortgages would have had at most but slight probative value on the question of the defendant's mental capacity. The exclusion of the question reveals no error.

*Exceptions overruled.*