The Chief Justice delivered the following charge to the Jury, after stating the evidence on both sides of the cause.
 

 M‘Kean,
 
 Chief
 
 Justice:
 

 —The plaintiff had, unquestionably, a good cause of action, at the time of instituting his suit: But, it appears that at that time also, the defendant had a good cause of action against
 
 Henry Banks;
 
 and, accordingly, attached certain monies belonging to
 
 Banks, in
 
 the hands of
 
 Forde,
 
 who was the special bail of
 
 Banks,
 
 in another action, brought against him by
 
 James Barr,
 
 the present plaintiff. Judgment being entered, and a
 
 Ca. Sa.
 
 issued in this last mentioned action, the bail became liable for the debt ; and, accordingly, we find, that
 
 Forde
 
 paid the amount, with costs, to the sheriff; who paid it over to the plaintiff, and took a receipt in full. This, then, appears to be complete satisfaction; and the plaintiff apparently ought never to recover more even from
 
 Banks ;
 
 unless, perhaps, the costs accrued in the action now trying, before the payment by
 
 Forde
 
 in the other action; as in the case of several suits against the drawer and indorsors of the same promissory note.
 

 
 *154
 
 But, after such proceedings, what reasonable ground can be alledged, why
 
 Barr
 
 should recover the money in question from
 
 Craig,
 
 to whom
 
 Banks
 
 was justly indebted ? It is said, that the arrangement permitted
 
 Barr
 
 to take no more than £500 out of the deposit in
 
 Forde’s
 
 hands: But, surely, the act of
 
 Barr
 
 cannot prejudice the right of
 
 Craig
 
 ; and
 
 Craig,
 
 by virtue of the foreign attachment, was entitled to all the property belonging to
 
 Banks
 
 in
 
 Forde’s
 
 hands, beyond what was necessary to satisfy the judgment for which
 
 Forde
 
 was bound, and his own
 
 bona fide
 
 claim.
 
 Craig
 
 had a lien upon the whole money: It was, in effect, his own. Since, therefore,
 
 Barr
 
 took the whole amount out of
 
 Forde’s
 
 hands by virtue of his judgment, and so discharged
 
 Forde
 
 from his obligation as garnishee in
 
 Craig’s
 
 Foreign attachment, it is consonant with every principle of law and equity, that the receipt of
 
 Barr
 
 should avail
 
 Craig,
 
 as a full discharge from the present demand. Either
 
 Barr
 
 received all the money for himself, or he did not: In the former case, this action cannot be supported ; and in the latter he has withdrawn, under colour of his judgment, a portion of
 
 Craig’s
 
 funds, for which he must be answerable, in an independent suit; or the amount may be set off against the present demand. I impute no fraud to the plaintiff; but his secret agreement with
 
 Barber,
 
 however honest, cannot affect the defendant. It appears, indeed, that four creditors were striving, with legal vigilance, to obtain a legal advantage ; and the only question is, who has succeeded ? In the opinion of the Court, the plaintiff must, on this occasion, be considered as having received the whole debt that was due to him from
 
 Banks
 
 ; and the original consideration of the debt, on account of which the order was given, is extinguished in the judgment.
 

 BRADFORD, Justice;
 

 If the plaintiff recovers, I think it must be upon the count for money had and received: And it appears to me, that the plaintiff had a good cause of action at the commencement of the suit. He received this money under an engagement to apply it to the payment of the debt due to Barr. He was merely a trustee ; and while the debt was unsatisfied, the interest continued. But, I conceive, that as soon as
 
 Barr's
 
 demand is extinguished the trust ceases : And in such case Barr, in his own name and for his own use, has no longer a demand on this money. This is an equitable action ; the defendant under the general issue may go into all the equity of the case ; and unless it appears, that he cannot in conscience and equity retain the money, unless, ex
 
 equo et
 
 bono, he is bound to refund it ; the verdict must be for him. Considering that
 
 Banks
 
 is insolvent, and that he is indebted to
 
 Craig,
 
 I cannot say that it would be unconscionable to retain this money after
 
 Barr’s
 
 debt is satisfied.
 

 
 *155
 
 Now, it appears, that all
 
 Barr's
 
 demands against
 
 Banks
 
 were liquidated and included in the judgement confessed in 1790; that judgment is satisfied, and it is legally discharged on record: The whole amount of the debt and costs was actually paid into
 
 Barr's
 
 hands.
 

 But, it is said, this judgment was, by a previous agreement, to operate in
 
 Barr's
 
 favour, to the amount of no more than
 
 £500
 
 ; the balance was paid to
 
 Banks’s
 
 attorney; and, therefore, Banks
 
 is
 
 still indebted to
 
 Barr.
 
 This may be true between the parties; but how does it operate as between
 
 Forde
 
 and
 
 Craig?
 
 For, the law will not suffer
 
 Barr
 
 to give this transaction one operation upon,
 
 Craig,
 
 as to himself; and another as to
 
 Forde.
 
 Here the money in
 
 Forde’s
 
 hands was attached, and judgment obtained. If
 
 Craig
 
 proceed? against
 
 Forde,
 
 the garnishee, Forde, will shew the judgment at
 
 Barr's
 
 suit, and that he was legally compelled to pay above £1400, by virtue of that proceeding. This will be an answer to
 
 Craig’s
 
 demand: And why? Because it is a payment and discharge of a regular judgment. Now, if the garnishee can hold up this to
 
 Craig
 
 as a real satisfaction and payment of a just debt,
 
 Craig
 
 can hold it up as such to
 
 Barr.
 
 No man will be allowed to blow hot and cold. If.
 
 Barr
 
 received this money, on account of his judgment, he had a right so to do; but then his debt is extinguished. If he did not receive it on this account, then he had no right to it at all; £887, on which
 
 Craig
 
 had a lien, was wrongfully received ; and
 
 Craig
 
 may consider it as money received to his use, and set it off in this action. Suppose
 
 Craig had
 
 sued
 
 Barr
 
 for this £887, how could he defend himself? By insisting that there was a
 
 bona fide
 
 debt due from
 
 Banks
 
 5 and that he received it in payment and discharge of the judgment. Then, in this action, he shall not be allowed to deny, what he must affirm in that. If only
 
 £500
 
 had been all that was due to
 
 Barr,
 
 and yet, for the purpose of protecting the money from the attachment, a judgment for £1,300 had been confessed and the money received, I think
 
 Craig
 
 could have recovered it from.
 
 Bar
 
 r and yet, has the case, as the plaintiff represents, this very aspect. Here is an action, in which judgment could never have been recovered; judgment is confessed for
 
 £
 
 1,300; though
 
 £500
 
 is really to be paid to
 
 Barr,
 
 the residue is withdrawn from
 
 Craig,
 
 and paid to
 
 Banks.
 
 Upon the whole, the plaintiff is reduced to this dilemma: Either it is a full payment and discharge of his debt; or he has unconscionably received £887, on which
 
 Craig
 
 had a lien, and for which he is accountable to him, In the first case, his cause of action is extinguished; in
 
 *156
 
 the latter,
 
 Craig’s
 
 demand against
 
 Barr,
 
 exceeds
 
 Barr’y
 
 demand against him. In either case, the defendant ought to have a verdict.
 

 Verdict for the Defendant.