Tilghman C. J.
(After stating the case.) The two first objections are founded on the plaintiff’s own default: for it was his business to file a statement, and also to join the issue : which only required the words, and the aforesaid ,plaintiff in like manner, &c.” to make it complete. The Court of Common Pleas has a right to make rules for the regulation of the practice, and unless the contrary should be extremely clear, we must suppose that the construction they give to their own rules is right. The case of Wenn v. Adams. 2 Dall. 156. bears a strong resemblance to the case before us. There the defendant pleaded, and laid a rule for trial or nonpros, before a declaration was filed; and the Court en-. forced the non pros., because the plaintiff, by receiving the plea, and submitting to the rule, had waved the objection arising from the want of a declaration; and it was his business, after the rule was laid, to file a declaration, and prepare the cause for trial. So in the present case, the rule being laid, the plaintiff was bound to file a description of the land, to join the issue, and put the cause on the trial list; because all these things were necessary in order to bring the cause to trial. I am therefore of opinion that the judgment of non pros, should be affirmed.
Yeates J. delivered an opinion to the same effect.
Brackenridge J. was sick and absent.
Judgment affirmed*