HERMAN STEIN, PLAINTIFF IN ERROR, v. AMELIA GOOD-
ENOUGH, DEFENDANT IN ERROR.

Submitted March 6, 1906—Decided November 19, 1906.

1. A nonsuit against the plaintiff, directed at Circuit, for failure to bring on his case for trial, pursuant to his own notice, was proper, although the plaintiff had not filed his replication.
2. Section 149 of the Practice act applies to actions of replevin. *Broderick* ads. *Ames*, 3 *Harr.* 297, distinguished.
3. It is essential to the orderly administration of justice that trial judges should have control of their calendars and of the conduct of causes before them. In this respect a trial court is vested with a wide discretion, and an appellate court will not interfere unless the record shows that there has been an abuse or a most unwise exercise of such discretion.

On error to the Monmouth County Circuit.

This case was previously before this court (*Stein* v. *Goodenough*, 40 *Vroom* 635), and argument was then stayed and the case retained in order that the actual entry of judgment final might be procured and the record thereof thus brought up by *certiorari*, which has been done.

For the plaintiff in error, *Alan H. Strong*.

For the defendant in error, *Patterson & Rhome*.

The opinion of the court was delivered by

DILL, J. This was an action of replevin for the recovery of a wagon delivered to the plaintiff under the writ.

The defendant pleaded property in herself.

The Circuit Court directed a nonsuit against the plaintiff for failure to bring on his case for trial pursuant to his own notice. A rule was entered in the minutes of the Circuit Court directing that "a judgment of nonsuit be entered in favor of the defendant against the plaintiff." Subsequently,

upon a suggestion of property in the defendant, a writ of inquiry was awarded to the defendant to ascertain the value of the wagon and the damages, if any, suffered by the defendant by reason of its detention.

Upon the return of the writ judgment was rendered in favor of the defendant against the plaintiff for the amount thus ascertained.

The plaintiff in error insists that the judgment of nonsuit was erroneous because the record shows that when the Circuit judge ordered a nonsuit the cause was not at issue, for want of the plaintiff's replication to the defendant's plea of property, although the plaintiff had noticed the case for trial.

In the first place, considered merely as a question of practice, the contention of the plaintiff in error is not well founded.

The record does not indicate that the plaintiff's attorney disclosed to the court the ground of objection now assigned as the error for which reversal is asked.

The case was triable in the Circuit Court.

The rules of the Supreme Court, so far as applicable, unless otherwise directed by statute, are the rules of the Circuit Court. *Rule* 18, *Circuit Court; Rule* 89, *Supreme Court; vide Holler* v. *Ross,* 38 *Vroom* 60. Prior to 1900 the practice with respect to nonsuiting a plaintiff for failure to move a cause he had noticed for trial was not assimilable in the two courts; in the Circuit Court such motion was made when the cause was reached on the call, and granted or refused by the Circuit judge on the grounds then before him; in the Supreme Court no such practice was followed at the Circuit *nisi prius,* the defendant being put to the necessity of a practice motion before the branch court at the ensuing term.

In 1900 the Supreme Court adopted, in effect, the Circuit Court practice, declaring, by rule 42, that in such a case the justice of that Circuit "may consider the reasons, if any, alleged by the plaintiff for such failure; and if no reason be alleged, or those alleged be insufficient to excuse the default, such justice may order that the plaintiff be nonsuited,

and on the filing of his order a judgment of nonsuit shall be entered."

This rule, being applicable to the Circuit Court, became its rule.

The case at bar, although an action for replevin, was subject to the rule.

The somewhat academic distinction (Supreme Court, 1841) between replevin and other actions, that "in replevin the court will not rule the plaintiff to carry down the cause for trial or be *non prossed*" (*Broderick* ads. *Ames,* 3 *Harr.* 297; *Harwood* ads. *Smethurst,* 1 *Vroom* 230), never had application where the plaintiff had given notice of trial. *Bull. N. P.* 61.

However, the doctrine of the Broderick case no longer prevails. The statutory provisions respecting replevin actions now regulate the practice. *Gen. Stat., p.* 2773, § 17. Under our present procedure, actions of replevin present no exception to the general rule, and both the Practice act (*vide* section 149) and the rules of the Supreme Court (*vide* rule 42) apply to and regulate actions for replevin.

It follows that when the plaintiff's attorney failed to move the cause he had noticed he knew that his day in court to disclose his reason for his failure was fixed by that rule at the day and date when he failed to move for trial the cause he had noticed.

To file a replication was a right the plaintiff could waive. Therefore, when the plaintiff noticed his cause for trial he waived the right to take advantage of his own omission to file a replication.

The first error of the plaintiff's attorney was in noticing for trial a cause which he now says was not at issue. His second was in not disclosing this reason at the opportunity fixed by the rule and practice of the court. To reverse the judgment upon the record before us would, in view of these facts, be to hold that by reason of two faults the plaintiff in error established a right.

It is unnecessary to place the affirmance of the judgment upon this ground alone.

In the second place, the plaintiff had noticed this cause for trial in the Circuit Court. Section 149 of the Practice act provides that "the plaintiff shall notice his action for trial at the first day of every term after issue joined." The plaintiff's notice of trial was impliedly a representation by the plaintiff to the court that the cause was at issue.

It has been held that by submitting a case for decision, the party so doing represents that it is in a condition to be decided, and that the questions involved are so presented that the court may properly give judgment. Similarly, a party who notices a cause for trial is thereby estopped from asking, on the ground that the cause was not at issue for want of his plea, a reversal of a judgment entered against him because of his refusal to proceed under his notice of trial.

In an early case in Pennsylvania, in an action of *assumpsit,* where the defendant pleaded *non-assumpsit,* and subsequently the defendant obtained a rule for trial or *non pros.,* it was held that the plaintiff would not be heard to object that because he had filed no declaration, therefore the cause was not at issue, nor was the plaintiff in a position to urge that the defendant should have taken a rule to declare, thus compelling the plaintiff to proceed without delay. The plaintiff was nonsuited. *Winn* v. *Adams, 2 Dall.* 156.

Finally, where counsel omit to state the specific ground of objection, it is not the duty of the trial judge to examine the record to ascertain that which the objecting party either fails or refuses to point out. Plaintiff's attorney had no right to assume that the court would explore the record to ascertain that his notice of trial was prematurely given.

. To be available here, it must appear by the record, not only that the ruling complained of was objected to, but that the ground of objection relied upon for reversal was fully presented to the court below. *New Jersey Zinc Co.* v. *Lehigh Zinc Co.,* 30 *Vroom* 189.

It will not avail a party to object to a proceeding in the court below in a perfunctory manner, without frankly and fully disclosing the ground of the objection, take his chances of success, whether by way of a ruling in his behalf or of an

underlying exception to an adverse ruling, and then, after the rendition of a judgment against him, come here and object that the court below had no authority to take the proceeding. Especially is this true of proceedings relating to the disposition of causes by trial courts.

It is essential to the orderly administration of justice, and to the upholding of the dignity of the court, that trial judges, to the fullest extent, should have control of their calendars and of the conduct of causes before them. In this respect a trial court is vested with a wide discretion, and this court will not interfere with the exercise of such discretion, as in the case before us, unless there has been an abuse or a most unwise exercise thereof.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL.      14.

*For reversal*—None.