### LEWIS H. MAY v. THOMAS J. HUBBARD.

#### [49 Miss. 619.]

STALE CASE. *Decree dismissing. Should not adjudge merits.*

> A decree dismissing a suit as being stale and for want of prosecution should not embody an adjudication confirming defendant's claim of title to the land in suit.

FROM the chancery court of Simpson county.

HON. JAMES L. MCCASKILL, Chancellor.

May, appellant, was complainant in the court below; Hubbard, appellee, was defendant there. From a decree in defendant's favor complainant appealed to the supreme court.

In July, 1906, appellant instituted this suit against appellee, averring in his bill that he owned certain land in the county; and prayed relief in respect to it.

Defendant demurred to the bill, and the cause was at the ensuing October term of chancery court taken under advisement by the court. The record does not show that any further action was taken on the demurrer. Subsequently in January, 1908, Hubbard answered the bill, denying all of its material averments. The answer was not made a cross-bill. At the subsequent October, 1908, term of the court, Hubbard moved to dismiss the case as being stale, since May had taken no action therein since the filing of the bill in July, 1906. The chancery court sustained the motion, dismissed the bill, and granted the defendant relief, confirming his claim of title to the land.

*Flowers & Whitfield,* for appellant.

It will be noted that the defendant did not set the cause for hearing on bill and answer; but instead he made a motion to dismiss the cause as being stale, since complainant had taken no steps in the cause subsequently to the filing of the bill. Now,

manifestly there was nothing for the complainant to do until answer should be filed. And only eight months elapsed from the time the answer was filed until the cause was dismissed as stale. Even if the procedure were proper, this is not such delay as would warrant the chancery court in treating the case as stale. Under our chancery procedure a complainant cannot be forced to an involuntary dismissal where there has been no default upon his part. *Ewing v. Glidwlel,* 3 How. (Miss.) 332; *Winston v. Miller,* 12 Smed. & M. 550.

But if we are mistaken in the contention that the court was not warranted in entering a decree of dismissal, it must still be held that the court below went beyond its province in confirming the title of defendant to the property in question. 6 Ency. Pl. & Pr., 919; 14 Cyc. 449, 450.

*D. A. McIntosh & H. M. McIntosh,* for appellee.

The court below was correct in dismissing the cause at the cost of complainant, and the decree should be sustained.

MAYES, J., delivered the opinion of the court.

The court was only warranted in this case in entering a judgment of dismissal. No other question was presented for decision, and no other judgment ought to have beee entered. The court however, not only entered a judgment dismissing the case on motion of the defendant for failure on part of complainant to prosecute the case, but went further, and confirmed the title of defendant to the property in question. This action of the court on this record was clearly without authority.

The action of the court is sustained in so far as it dismisses the cause of action, and reversed and decree here modifying the judgment in so far as it confirms defendant's title. The cost of appeal is taxed against appellee.

*Reversed.*