FREDERICK P. CHENEY *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    October 17, 1923. — November 26, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Writ of Error.    Judgment.    Practice, Civil,* Exceptions, Rescript from Supreme Judicial Court.

A dismissal of an action under Rule 63 of the Superior Court (1915) for want of prosecution is a final judgment.

A rescript issuing from this court upon exceptions taken by the defendant at the trial in the Superior Court of an action at law, which reads, " Exceptions sustained," does not put the record in the Superior Court in such condition that entry of judgment under Rule 57 of the Superior Court (1915) becomes merely a clerical matter; but such a rescript as a matter of practice means that there shall be a wholly new trial in the Superior Court upon all issues raised by the pleadings.

Upon a writ of error issued to determine the validity of a judgment entered for a defendant in an action at law under Rule 63 of the Superior Court (1915), this court cannot consider whether or not its decision, previously rendered, sustaining exceptions, saved by the defendant at a previous trial of the action in the Superior Court, rested upon a ground no longer tenable under a decision of the Supreme Court of the United States thereafter rendered.

Rule 63 of the Superior Court (1915) is within the power of the Superior Court, has the effect of law, and is binding on the court and on the parties to actions which come within its scope.

WRIT OF ERROR, issued on October 11, 1922, to the Chief Justice of the Superior Court upon petition of Frederick P. Cheney, seeking to have reversed a judgment dismissing, under Rule 63 of the Superior Court (1915), an action by him against the Boston and Maine Railroad.

The assignments of error were in substance that, after the rescript from this court in the original action in June, 1917, the Superior Court under Rule 57 of the Superior Court (1915) should have entered judgment for the defendant on the first Monday of July, 1917, and that the entry of judgment on October 6, 1919, was error; " that if, as a matter of law, judgment in accordance with the rules of the Superior Court was entered on the first Monday of July, 1917, notwithstanding what appears to the contrary in the docket of the Superior Court, then and in such case the entry of such a judgment, was as a matter of law, error; that the courts of this Commonwealth did have jurisdiction of the subject matter involved, because the construction, of the railroad tariff in issue, presented a question of law not differing from questions arising upon the construction of any other document; and that a construction of the tariff by the interstate commerce commission was not a condition precedent to the maintenance of an action in a State court. The plaintiff in error further says that the recent case of Great Northern R. R. Co. vs. Merchants Elevator Co., decided by the United States Supreme Court, . . . [259 U. S. 285] holds that the State courts have jurisdiction of matters involving the interpretation of railroad tariffs, without the interstate commerce commission having first passed upon their construction."

The Boston and Maine Railroad filed an amended plea alleging " that the action in the Superior Court was never ripe for judgment and that no judgment was entered therein which may be reëxamined by this court on a writ of error, and further says that it denies the allegations of fact well assigned by the plaintiff in error as a basis of error in fact, and further says that if a judgment was entered there is not any error in the record of proceedings as aforesaid, or in giving the said judgment, and it prays that the court here may proceed to examine as well the record and proceedings as the matter aforesaid assigned for error and that the said last mentioned judgment, in form given, may be in all things affirmed."

Upon the filing of the amended plea, the case was adjourned to the full court.

*J. M. O'Donoghue*, for the defendant.

*W. D. Regan*, for the plaintiff, submitted a brief.

RUGG, C.J. This is a writ of error. G. L. c. 250, §§ 1, 2, 3. The defendant in substance pleaded *in nullo est erratum.* Hence the case is here. *Perkins* v. *Bangs*, 206 Mass. 408. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House, Inc.* 237 Mass. 505.

The original case was an action of contract in the Superior Court. A verdict was returned for the plaintiff. Exceptions taken at the trial were heard in this court. The decision on exceptions is reported in 227 Mass. 336. The rescript from this court, filed in the Superior Court on the fourth of June, 1917, was " Exceptions sustained." The only record of the case thereafter is in these words: " And now, on this sixth day of October, A. D. 1919, said action is dismissed under Rule 63 of this Court." That rule provides in substance that, where a case has been pending for two years before the Tuesday after the first Monday of September in each year without action other than placing on the trial list or marking for trial, it shall be dismissed automatically on the first Monday of October following unless on motion supported by affidavit it is allowed by the court to remain longer on the docket. It effects in substance dismissal of cases for want of prosecution.

The dismissal under that rule was final judgment. *Karrick* v. *Wetmore*, 210 Mass. 578. Therefore, if any error of law is apparent on the record, it may be corrected in this proceeding.

The rescript containing the simple mandate that the exceptions were sustained did not put the record of the case in such condition that the entry of judgment became a clerical matter. The rescript did not contain a further direction respecting the entry of judgment, as was jurisdictionally possible under St. 1909, c. 236 (G. L. c. 231, § 122), and is a course not infrequently pursued in appropriate instances. *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, 470, 471.

The order that exceptions are sustained means as matter of practice that there shall be a wholly new trial upon all issues made by the pleadings. *Merrick* v. *Betts*, 217 Mass. 502. *Reidy* v. *Kennedy*, 233 Mass. 514, 518. The plaintiff, if he had insisted upon his right to such new trial, might have had it. Pleadings might have been amended after rescript so as to make new issues, different from those presented at the first trial. *West* v. *Platt*, 124 Mass. 353, 355. *Pead* v. *Trull*, 173 Mass. 450, 452. *Hooten* v. *G. F. Redmond & Co. Inc.* 237 Mass. 508, 513, and cases there collected.

If, as the plaintiff now contends, the decision of the case when it was here before rested upon a ground no longer tenable under the controlling authority of *Great Northern Railway* v. *Merchants Elevator Co.* 259 U. S. 285, or under principles there expounded, a point upon which no opinion is expressed, that contention might have been presented at such new trial in the Superior Court. Therefore that point cannot be considered in this proceeding. *Raymond* v. *Butterworth*, 139 Mass. 471.

The case was not ripe for judgment in the Superior Court under the simple mandate, " exceptions sustained." No judgment could have been entered on the record as it then stood. Further action by the court was necessary before the case would be ripe for judgment. The circumstance that upon a new trial, if the evidence should be the same as at the former trial and nothing further appeared, it would

be the duty of the Superior Court judge under the decision rendered when the case was here before to order a verdict for the defendant, did not dispense with the necessity of taking those essential steps prerequisite to putting the record in form for a final judgment. It cannot be assumed as matter of law that they all would have been taken. Manifestly the case did not go to judgment under St. 1912, c. 190 (G. L. c. 235, § 1) and Rule 57 of the Superior Court (1915). *Boston Bar Association* v. *Casey,* 227 Mass. 46, 51. Neither the clerk of courts nor the court itself rightly could have entered judgment on the rescript alone, in the absence of agreement by parties.

The judgment of dismissal was entered in substance and effect on the ground of want of prosecution. That was in accordance with Rule 63 of the Superior Court (1915). That rule was mandatory on the facts here disclosed. It had the effect of law and was binding on court and parties. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460. It is within the power of the Superior Court to provide by general rule or in any other appropriate way for the dismissal of cases from its records when the plaintiff fails to prosecute his action within a reasonable time. *Pierce* v. *Lamper,* 141 Mass. 20. *Nickerson* v. *Glines,* 220 Mass. 333, 336. *Hurley* v. *Farnsworth,* 115 Maine, 321. *Burton* v. *Snow,* 165 Mich. 530. *May* v. *Hubbard,* 94 Miss. 456. *Central Savings Bank & Trust Co.* v. *Hammett,* 95 Vt. 47, 50. *Stein* v. *Goodenough,* 44 Vroom, 812. *Colorado Eastern Railway* v. *Union Pacific Railway,* 36 C. C. A. 263. No error of law is disclosed. *Karrick* v. *Wetmore,* 210 Mass. 578. *Parke* v. *Murdock,* 177 Mass. 453. *Winthrop* v. *Athol,* 216 Mass. 79. *Shour* v. *Henin,* 240 Mass. 240, 242.

*Judgment affirmed.*