GRADY, TRADING AS GRADY EQUIPMENT COMPANY *v.* SUMMERS

No. 42220          March 5, 1962          138 So. 2d 294

*J. A. White,* Durant, for appellant.

*James M. Walker,* Fayette, for appellee.

GILLESPIE, J.

N. L. Grady, trading as Grady Equipment Company, plaintiff below and appellant here, sued Waldon Summers, defendant below and appellee here, in two counts. The first count sought judgment on a note and the second count on open account. The declaration was filed January 26, 1960. Process was served on appellee on March 30, 1960, returnable on the Fourth Monday of May, 1960. Upon the convening of the May 1960 Term appellee filed motion for time to plead and the court entered an order granting him sixty days. On July 19, 1960, appellee filed an answer in which he stated that he did not owe the note or the account—nothing more as to why he was not so indebted. At the September 1960 Term of court the case was continued at appellee's request. At the February 1961 Term the case was continued. Why, the record is silent. On May 8, 1961, the Circuit Judge entered a vacation order reciting that there was not sufficient business before the court to warrant the expense of drawing and summoning a jury and that unless further ordered by the court no jury would be drawn for the May 1961 Term of the court. No other order was entered with reference to the jury. The May 1961 Term convened on May 22, and on that day the court entered an order reciting that this case was called and plaintiff failed to answer and defendant answered ready for trial "and the Court having heard and considered said cause is of the opinion the Plaintiff is not entitled to judgment against the Defendant". The order then proceeded to enter judgment for defendant and assessing plaintiff with the costs. Plaintiff appealed.

The question for decision is: Does the court have the power to try a case in the absence of plaintiff or his counsel without any waiver of trial by jury? We hold he does not.

The case was at issue on the pleading. The court had entered a vacation order dispensing with the jury for lack of business at the May 1961 Term. There was no waiver of a jury trial. In our opinion the court could not undertake to try the case on the merits without such waiver. Sec. 1521, Miss. Code of 1942.

██ When a suit is filed the plaintiff should follow his suit and attend upon all terms of court while the action is pending. If he does not, the case may be dismissed for want of prosecution. ██ The trial judges must and do have power to control the docket for the orderly dispatch of business. This does not include, however, the right to try a jury case at a term when no jury is present in the absence of plaintiff and his counsel when jury trial has not been waived.

Reversed and remanded.

*Kyle, McElroy, Rodgers* and *Jones, JJ., concur.*