440 So.2d 294 (1983)
Jerry Wayne HARRIS and Ramona Harris
v.
FORT WORTH STEEL AND MACHINERY CO., et al.
No. 54300.
Supreme Court of Mississippi.
September 21, 1983.
Rehearing Denied November 16, 1983.
*295 Thomas D. Berry, Jr., Gulfport, Franklin McKenzie, Jr., Laurel, for appellant.
Luther T. Munford, Walter G. Watkins, Jr., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Kalford C. Ratcliff, Pack, Ratcliff & Ratcliff, Laurel, for appellees.
Before WALKER, ROY NOBLE LEE and HAWKINS, JJ.
ROY NOBLE LEE, Justice, for the Court:
This appeal is from a final judgment of the Circuit Court, Second Judicial District of Jones County, Honorable James D. Hester, presiding, dismissing the suit of Jerry Wayne Harris and Ramona Harris for failure to prosecute the action. Subsequent to the judgment of dismissal, the Harrises filed a motion to vacate that judgment, which was overruled by the lower court. At the time of the dismissal order, the suit was pending against Fort Worth Steel and Machinery Company, Inc. [Fort Worth] and Munford Engineering Company [Munford]. The sole question on this appeal is whether or not the lower court abused its discretion in dismissing the case for lack of prosecution.
The declaration was filed August 30, 1979, and it charged negligence against Fort Worth and Munford in the design and construction of an auger conveyor in the ice room of Sanderson Farms, Inc. Jerry Wayne Harris was injured and sustained the loss of his left leg. Subsequently, five continuances were entered by the court at the request of one or more of the parties, or by agreement. Each order was signed by the trial judge and appeared to be a form order which was entered on the minutes. A copy of same follows:
ORDER FOR CONTINUANCE
The Court in pre-trial conference having determined that all pre-trial matters have not been presented and decided, this cause is hereby continued.
SO ORDERED, this the 31st day of October, 1979.
Interrogatories were propounded and depositions were taken. A number of pretrial conferences were held. A pretrial conference was held on July 15, 1981, and counsel for the appellants failed to appear. Thereupon, the trial judge telephoned the office of local counsel for appellants and was informed by his secretary that counsel was not available and could not be contacted. Motion was filed by the appellees to dismiss the suit for lack of prosecution, the motion was sustained and the order entered on July 15, 1981. The order recited:
(1) Plaintiffs were unable to answer interrogatories as to modifications or additions which contributed to the alleged defective design, but agreed to furnish same when the information was received.
(2) Plaintiffs named an expert, A.J. Scardino, Jr., but only stated in general terms what he was expected to testify, and the plaintiffs stated the information would be furnished subsequently.
(3) That none of the mentioned information had been furnished by the plaintiffs.
(4) That the defendants had been diligent in completing discovery by way of depositions and written interrogatories.
(5) That on one or more occasions, plaintiffs' attorneys had not appeared at pretrial hearings set by the court and did not appear at the pretrial hearing on the date of the order.
(6) That at the pretrial hearing in November, 1980, the Court announced that unless the case was tried at the January, 1981, term it would be dismissed.
(7) That there had been a substantial failure to prosecute the case as required by the rules of the Court, and that the case was a stale case.
In the motion to set aside the dismissal order, appellants' counsel stated excuses for delays. Whether or not they constitute valid reasons is not necessary for this Court to discuss. Counsel further stated that they *296 were unaware of any order or announcement by the court in November, 1980, as to trial or dismissal; that they were not served a notice with motion to dismiss by the appellees; and that they had no knowledge of the dismissal prior to its entry.
The case was not dismissed under Mississippi Code Annotated § 11-53-25 (1972), as a stale case, which provides for a motion on behalf of the clerk. The record indicates that notice of the July 15, 1981, pretrial conference, was mailed seven (7) days before the conference instead of the ten-day notice provided by the rules.
Trial courts have inherent authority and duty to control their dockets for the orderly disposal of business. They are justified, in proper cases, to dismiss suits for want of prosecution. Grady v. Summers, 243 Miss. 318, 138 So.2d 294 (1962); May v. Hubbard, 94 Miss. 456, 49 So. 619 (1909). This is as it should be. However, dismissal of a litigant's suit is the toughest sanction that can be imposed upon him. He loses a valuable right when it is applied. We recognize that some courts have held that the client is bound by the action or inaction of his counsel. Gulf Coast Drilling & Exploration Co. v. Permenter, 214 So.2d 601 (Miss. 1968).
Other jurisdictions hold that they have the inherent power to dismiss a case for failure to prosecute, where there is no abuse of discretion, if counsel fails to appear at a pretrial conference and when there is evidence of prior dilatory conduct. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Hyler v. Reynolds, 434 F.2d 1064 (5th Cir.1970). We note that courts have the authority to compel counsel and parties to respond to discovery; they may peremptorily set cases for trial; and they may use contempt powers to expedite disposition of cases.
Without commenting further upon specific instances, suffice it to say, we have examined the record from the declaration through the order dismissing the suit and the order overruling the motion to vacate same. We are of the opinion that the lower court erred in sustaining the motion and in dismissing the case, and that, even though it may prove to be without merit, to deny appellants a trial would result in a miscarriage of justice. Therefore, the judgment of the lower court is reversed and the case is remanded for trial on its merits.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.