# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-IA-01637-SCT

*VINOD KHOSLA, KFT TRUST, VINOD KHOSLA, TRUSTEE, SAMIR KAUL, DENNIS CUNEO, VK SERVICES, LLC, KHOSLA VENTURES, LLC, KHOSLA VENTURES ASSOCIATES II, LLC, KHOSLA VENTURES II, L.P., KHOSLA VENTURES III, L.P., KHOSLA VENTURES ASSOCIATES III, LLC, FRED CANNON, CHRISTOPHER A. ARTZER, ANDRE DITSCH, JOHN HACSKAYLO, RALPH ALEXANDER, DR. WILLIAM ROACH AND GARY L. WHITLOCK*

*v.*

*STATE OF MISSISSIPPI EX REL. JIM HOOD*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/06/2017 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN, JR. |
| TRIAL COURT ATTORNEYS: | WILLIAM M. QUINN, II |
| | W. THOMAS McCRANEY, III |
| | LINDSEY B. SILVER |
| | WILLIAM C. BRABEC |
| | MICHAEL G. BONGIORNO |
| | HIRAM RICHARD DAVIS, JR. |
| | PETER J. KOLOVOS |
| | LEAH N. LEDFORD |
| | KIP MENDRYGAL |
| | JAMES POTTER STREETMAN, III |
| | PAUL E. COGGINS |
| | J. DOUGLAS MINOR, JR. |
| | ALICIA N. NETTERVILLE |
| | DEAN KIEHL |
| | ROY D. CAMPBELL, III |
| | JAN NIELSEN LITTLE |
| | JUSTINA K. SESSIONS |
| | STEVEN P. RAGLAND |
| | MATTHEW WADE ALLEN |
| | LEONARD D. VAN SLYKE, JR. |

COURT FROM WHICH APPEALED:    CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY

ATTORNEYS FOR APPELLANTS:    J. DOUGLAS MINOR, JR.
ROY D. CAMPBELL, III
ALICIA N. NETTERVILLE
JAN NIELSEN LITTLE
STEVEN P. RAGLAND
JUSTINA K. SESSIONS
DEAN A. ZIEHL
WILLIAM C. BRABEC
H. RICHARD DAVIS
MICHAEL G. BONGIORNO
PETER J. KOLOVOS
LINDSEY B. SILVER
LEAH N. LEDFORD
JAMES P. STREETMAN, III
PAUL E. COGGINS
KIP MENDRYGAL

ATTORNEYS FOR APPELLEE:    WILLIAM M. QUINN II
W. THOMAS McCRANEY III

NATURE OF THE CASE:    CIVIL - INSURANCE

DISPOSITION:    AFFIRMED AND REMANDED - 08/22/2019

MOTION FOR REHEARING FILED:

MANDATE ISSUED:

**EN BANC.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This Court consolidated three cases from the Circuit Court of the First Judicial District of Hinds County for purposes of interlocutory appeal.[1] Circuit Court District Seven, comprised of Hinds County only, is a multi-judge district. The three cases were assigned

---

[1] (1) ***Safeco Ins. Co. of Am. v. State***, No. 2017-IA-01554-SCT (Miss. Aug. 22, 2019) (***Safeco***); (2) ***Liberty Mut. Ins. Co. v. State***, No. 2017-IA-01558-SCT (Miss. Aug. 22, 2019) (***Liberty Mutual***); (3) ***Vinod Khosla et al. v. State***, No. 2017-IA-01637-SCT (Miss. Aug. 22, 2019) (***Cannon***). The parties refer to the third case as ***Cannon*** rather than ***Khosla*** because the original complaint in the underlying action was styled ***Hood ex rel. Mississippi v. Fred Cannon et al.***, No.: 15-CV-00017 (Hinds Cty. Circuit Court, 1st Jud. Dist., filed January 13, 2015) (***Cannon***).

randomly to circuit court judges under Uniform Civil Rule of Circuit and County Court Practice 1.05A. The original assignments were as follows:

(1)    *Safeco* - Circuit Court Judge William Gowan

(2)    *Liberty Mutual* - Senior Circuit Court Judge Tomie Green

(3)    *Cannon* - Circuit Court Judge William Gowan

With the approval of Judge Green and Judge Gowan, *Safeco* and *Cannon* were reassigned or transferred to Judge Green's docket. Safeco and Cannon objected to the reassignments, arguing that neither Judge Green nor Judge Gowan had the authority to make the reassignments. To the extent that a court is authorized to transfer or reassign cases for those reasons the majority has established in *Safeco*, we hold in this case that the trial court acted within its discretion in transferring the case to another judge in the same court district. This Court now has rescinded the order of consolidation and has deconsolidated the cases. Regarding this case, because the trial court was within its discretion to reassign the case, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    Defendants in this case are, *inter alia*, former officers, directors, employees, and investors of KiOR Inc., a startup biofuels company. The State lent KiOR $75 million to construct its first commercial-scale production facility in Columbus, Mississippi. The facility was completed in 2012. Operations were suspended in early 2014, however, and KiOR filed for bankruptcy later that year.

¶3. In January 2015, the State sued Defendants, alleging fraudulent and negligent misrepresentation, fraudulent and negligent omission, civil conspiracy, aiding and abetting, and *respondeat superior*. The case was assigned randomly to Judge Gowan. He ordered the complaint to be sealed, so the record is sealed for this interlocutory appeal as well. Several amended complaints and motions to dismiss were filed afterward.

¶4. On November 3, 2017—three weeks after briefing had ended on the last motion to dismiss—Judge Gowan *sua sponte* reassigned the case to Judge Green. The order reads, *in toto*,

### ORDER TRANSFERRING/REASSIGNING CASE

The undersigned Circuit Court Judge was assigned the above-styled cause. Upon agreement of the undersigned judge and Senior Judge, Tomie Green, the above-styled cause is hereby reassigned to Judge Green for judicial economy.

¶5. Judge Green agreed to the reassignment.

¶6. In response to the order, Defendants petitioned this Court for a writ of mandamus, which the Court treated as a petition for interlocutory appeal. We granted review and a stay of the trial court proceedings and consolidated *Cannon* with *Safeco* and *Liberty Mutual* for appeal. Today we have deconsolidated the three cases, and a separate decision is being handed down for each.

¶7. The *Cannon* defendants argue that Judge Gowan did not have the authority to transfer or reassign *Cannon* to Judge Green. On December 7, 2017, Judge Gowan filed a response to Cannon's petition under the *Safeco* docket number before this Court. In his response, Judge Gowan submitted that *Cannon*

4

involves extensive and complex litigation, which requires the utmost attention from the judge presiding over the matter. . . . Before the transfer of this case, this [c]ourt was concerned with the fact that Judge Gowan, the presiding judge at the time, would not be the presiding judge for the duration of the litigation. The above-listed reasons led to the transfer of this case to Senior Judge Tomie Green for reassignment or for her adoption of the case.

¶8. On February 22, 2018, the State filed a motion to consolidate another cause with *Cannon*, namely: *KiOR, Inc. Liquidating Trust v. Fred Cannon et al.*, No.: 16-CV-00656 (Hinds Cty. Circuit Court, 1st Jud. Dist., filed Nov. 8, 2016) (*KLT*). *KLT* was pending on the docket of then-Hinds County Circuit Judge Jeff Weill.[2] The State alleged that both actions "involve common defendants, an overwhelming number of overlapping facts and circumstances, common witnesses . . . and common documentary evidence" and would conform to Mississippi Rule of Civil Procedure 42 by avoiding inconsistent rulings. The *Cannon* defendants argued the motion was a "bald attempt . . . for the State to create an after-the-fact justification for Judge Gowan's transfer." We granted requests lifting the stay in *Cannon* to allow the parties to supplement the record of actions pending before the trial court regarding consolidation. Judge Weill stayed *KLT* pending the outcome of this interlocutory appeal.

¶9. On appeal the State and Defendants assert several different issues; but the question before the Court, as it pertains to *Cannon*, is

> May trial court judges in a multi-judge district reassign cases amongst themselves?

---

[2] KiOR, Inc., Liquidating Trust is a trust created by and through the KiOR, Inc., Chapter 11 Bankruptcy proceeding to pursue former KiOR claims and causes of actions for the benefit of creditors.

¶10. To the extent that a court is authorized to transfer or reassign cases for those reasons the majority has established in *Safeco*, we answer in the affirmative, and find no abuse of discretion here. We therefore affirm the decision of the circuit court to reassign or transfer the present case from Judge Gowan to Judge Green, we lift the stay of the lower court proceedings, and we remand the case to the Circuit Court of the First Judicial District of Hinds County for further proceedings consistent with this opinion.[3]

¶11. **AFFIRMED AND REMANDED.**

**KING, P.J., CONCURS. MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. RANDOLPH, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ISHEE AND GRIFFIS, JJ. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COLEMAN AND ISHEE, JJ.; RANDOLPH, C.J., JOINS IN PART.**

**RANDOLPH, CHIEF JUSTICE, DISSENTING:**

¶12. Consistent with today's *Safeco*[4] holding, I respectfully dissent. Judge Gowan's reassignment to Judge Green does not evidence a reasonable, legitimate, or justifiable basis. Pending retirement does not absolve judges of their duty to hear cases assigned to them.

---

[3]Specifically regarding *Cannon*, we do not decide whether consolidation with *KLT* was an appropriate basis for reassignment to Judge Green. No law prohibited Judge Gowan's transfer of *Cannon* to another judge's docket, as long as that judge consented. As determined in this Court's decision in *Safeco*, Judge Gowan's order of reassignment was not inconsistent with any law of this State. The action was consistent with the authority of the trial courts of Mississippi to control their dockets, and Judge Gowan and Judge Green were in agreement. *See Harris v. Fort Worth Steel & Mach. Co.*, 440 So. 2d 294 (Miss. 1983); *United States v. Stone*, 411 F.2d 597 (5th Cir. 1969). Whether *Cannon* and *KLT* should be consolidated is an issue for the parties and trial judges to decide on remand, particularly since the State's motion to consolidate *Cannon* and *KLT* is pending in the trial court.

[4] *Safeco Ins. Co. of Amer. v. State*, No. 2017-IA-01554-SCT (Miss. Aug. 22, 2019).

Furthermore, Judge Green's declaration in cases pending before her, that "overcrowded civil and criminal dockets, and other administrative duties" forced her to appoint a special master in numerous cases, does not align with reassignment to her docket. This case should be remanded to the judicial seat to which it was originally, randomly assigned, the Seventh Circuit Court District, Subdivision Four.

**ISHEE AND GRIFFIS, JJ., JOIN THIS OPINION.**

**GRIFFIS, JUSTICE, DISSENTING:**

¶13.    I respectfully dissent.

¶14.    This case is not related to ***Safeco***[5] or ***Liberty Mutual***.[6]   The only commonality is that all three cases were filed in Hinds County.

¶15.    This case was filed in Hinds County Circuit Court in January 2015.  It initially was assigned to Judge Gowan and, by order dated November 3, 2017, was transferred to Judge Green.  That order is the subject of this appeal.

¶16.    Here, the related case is styled ***KiOR, Inc. Liquidating Trust v. Fred Cannon et al.***, No. 16-cv-00656 (Hinds Cty. Circuit Court, 1st Jud. Dist., filed Nov. 8, 2016).  It is currently pending before Circuit Judge Adrienne Wooten, Subdistrict 1.  ***KiOR, Inc.*** is not before this Court.

---

[5] ***Safeco Ins. Co. of Am. v. State***, No. 2017-IA-01554-SCT (Miss. Aug. 22, 2019).

[6] ***Liberty Mut. Ins. Co. v. State***, No. 2017-IA-015578-SCT (Miss. Aug. 22, 2019).

¶17. For the reasons stated in *Safeco*, I am of the opinion that no reason justifies the reassignment of this case to Judge Green. Judge Green had no similar or related case pending on her docket.

¶18. Even were I to agree with Presiding Justice Kitchens's reasoning on reassignment, the case should be reassigned to Judge Wooten.

**COLEMAN AND ISHEE, JJ., JOIN THIS OPINION. RANDOLPH, C.J., JOINS THIS OPINION IN PART.**