**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3658-18

GREGORY FURDYNA,

    Plaintiff-Respondent,

v.

TAMMIE K. MACFARLAND,

    Defendant-Appellant.

Submitted February 8, 2021 – Decided April 21, 2021

Before Judges Currier and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-0602-18.

Lane & Lane, LLC, attorneys for appellant (Daniel J. Lane, on the briefs).

Rebel Brown Law Group, LLC, attorneys for respondent (Marianne Rebel Brown, on the brief).

PER CURIAM

In this matter arising out of the parties' divorce proceedings, defendant appeals from the Dual Final Judgment of Divorce (FJOD). She contends the Family Part judge erred in denying her request for an adjournment on the day of trial when her newly-retained attorney was not available. Because we conclude the judge did not mistakenly exercise her discretion under the presented circumstances, we affirm.

After sixteen years of marriage, defendant filed a non-dissolution verified complaint for support and maintenance.[1] Both parties were self-represented during the initial argument. The following month, plaintiff filed a complaint for divorce and a motion for reconsideration of the earlier order awarding defendant spousal support and other funds. Defendant filed papers in response to the motion for reconsideration but did not answer the complaint.

After plaintiff filed a request to enter default, defendant retained counsel who filed a notice of appearance, and the parties consented to vacate the default. Defendant filed an answer and counterclaim, and the parties submitted a case management order.

Three months later, defendant's attorney moved to be relieved as counsel, asserting defendant had not paid her and was not cooperating with her or

---

[1] There were no children born of the marriage.

A-3658-18

providing the information necessary for the preparation of the case. The matter had not yet gone before an early settlement panel and no trial date was scheduled. Before the court ruled on the motion, a subsequent substitution of attorney was filed with defendant representing herself.

Three months later, and two weeks before the trial date, defendant filed a motion pro se asking for an increase in alimony payments and for a lump sum of $45,000. Because the trial occurred prior to the return date of the motion, the court denied all aspects of the motion other than continuing the pendente lite alimony payment of $1000 a month.

The parties appeared for trial on Tuesday, January 29, 2019. Both were self-represented. As the proceeding began, defendant told the court she had obtained counsel "as of last Friday." Defendant gave the court the attorney's name and stated he instructed her to request an adjournment. She did not know the spelling of his name or his phone number. She acknowledged counsel had not entered an appearance with the court. The judge advised she had not received a notice of appearance or had any communication from the attorney. Plaintiff objected to any adjournment of the case.

When the judge attempted to call counsel, the call went to voicemail. The judge left the following message:

[Counsel], this is Judge . . . calling from Gloucester County, New Jersey on the Furdyna versus MacFarland matter. The matter is scheduled for trial. We are preparing to begin trial. [Defendant] has indicated that she retained you, but we have no entry of appearance or any record. Could you please call the courtroom[?] . . .

The judge then began to question the parties about their assets and employment and methodically went through the information contained in the Case Information Statements (CIS). Defendant did not object.

After several hours of testimony, the court took a recess. Defendant stated she was going to pick up additional documents she wanted to present to the court. When the parties reconvened, the judge advised that defendant's attorney had contacted her chambers and spoken to her staff. Counsel said he had not been fully retained. Defendant had spoken to the lawyer as well, and she told the judge the attorney was not going to come to court that afternoon but "[counsel] hopes it runs into tomorrow so he can."

Without objection, the court continued to elicit information from the parties for the remainder of the day. The parties were instructed to return the following afternoon to conclude the trial.

On the second day of trial, both parties provided the court with additional documentation. Defendant informed the court she had received an email from

4

the attorney advising he was available for trial on February 4 and 7, 2019. The judge replied that she had not received any communication from the attorney. However, if the trial did not finish that day, the attorney could come on February 4. Thereafter, defendant told the court "That's okay. We can continue." She also informed the court she was leaving that night for vacation.

At the end of the second day of trial, the judge requested the parties return on February 7 so defendant's counsel could attend. No transcript has been provided for that day or any further proceedings, nor do counsel or the court refer to a third day of trial in their respective submissions and decision. We presume the parties agreed they did not need any further testimony.

On March 13, 2019, the Family Part judge issued a comprehensive oral decision and entered a FJOD. She stated she found "significant issues with regard to the credibility of the parties in this matter with regard to their economic history." She noted the parties agreed the only issues for the court's determination were alimony and equitable distribution.

In considering an award of alimony, the court thoroughly analyzed the statutory factors under N.J.S.A. 2A:34-23(b). She considered the tax returns submitted by the parties and the information in their respective CISs. The judge

ordered plaintiff to pay defendant limited duration alimony of $250 a week for a term of six years and to become current on the arrears.

The court similarly assessed the factors under N.J.S.A. 2A:34-23.1 in considering the issue of equitable distribution. The judge awarded defendant the marital home and deemed her responsible for the mortgage. The court ordered the parties equally responsible for any property tax liabilities. The parties retained the vehicles that were already in their possession. In considering the difference in the value of the vehicles, the court ordered plaintiff to pay defendant $8500. Plaintiff was responsible for any tax liabilities relating to his business. There were no further assets to distribute.

We defer to family court fact findings "'when supported by adequate, substantial, credible evidence.'" Fattore v. Fattore, 458 N.J. Super. 75, 83 (App. Div. 2019) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). Where there is "satisfactory evidentiary support for the trial court's findings . . . [we] should not disturb the result." Llewelyn v. Shewchuk, 440 N.J. Super. 207, 213 (App. Div. 2015) (citing Beck v. Beck, 86 N.J. 480, 496 (1981)). Deference is especially appropriate here, in a bench trial, when the evidence is "largely testimonial and involves questions of credibility." Cesare, 154 N.J. at 412 (citation omitted). A trial judge who observes witnesses and listens to their

6

testimony is in the best position to "make first-hand credibility judgments about the witnesses who appear on the stand. . . ." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008).

Therefore, this court "should not disturb the 'factual findings and legal conclusions of the trial judge unless [it is] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Cesare, 154 N.J. at 412 (quoting Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974)).

Our review of a trial court's "legal conclusions, and the application of those conclusions to the facts," is de novo. Fattore, 458 N.J. Super. at 84.

On appeal, defendant argues the court abused its discretion in denying her request for an adjournment of the divorce proceedings after she informed the court she had recently retained counsel and that he needed time to prepare for trial. In addition, defendant contends the court proceedings were "confusing" and "unclear" for a pro se litigant, which caused her significant and substantial prejudice.

We review a trial court's denial of a request for an adjournment under an abuse of discretion standard. State ex rel. Comm'r of Transp. v. Shalom Money St., LLC, 432 N.J. Super. 1, 7 (App. Div. 2013). Whether there was an abuse of

7

discretion depends on the amount of prejudice suffered by the aggrieved party. State v. Smith, 66 N.J. Super. 465, 468 (App. Div. 1961). Thus, the refusal to grant an adjournment will not lead to reversal "unless an injustice has been done." Nadel v. Bergamo, 160 N.J. Super. 213, 218 (App. Div. 1978); see State v. Maisonet, ___ N.J. ___, ___ (2021) (slip op. at 20) (holding court did not misapply its discretion in denying the defendant's request for an adjournment to obtain new counsel on the first day of his murder trial because he suffered no prejudice).

Under these circumstances, we are satisfied the Family Part judge did not misapply her discretion. Both parties represented themselves in pre-trial motion practice and proceedings. Defendant's prior counsel had moved to be relieved because defendant was not paying her and was not cooperating with counsel's requests to provide the information necessary to prepare the case. Defendant substituted in herself as counsel more than three months before trial and remained self-represented until the trial date. She filed a motion pro se for certain relief less than two weeks before the trial date.

Neither party appeared with counsel on the long-scheduled trial date. It was not until after the court proceedings began that defendant informed the court she had retained an attorney two business days earlier. However, the attorney

8

was not available to come to court, and was not prepared to begin the trial. Defendant stated counsel had instructed her to request an adjournment. Defendant did not have the correct spelling for the attorney's name or his phone number. During the colloquy, defendant said she was ready to proceed with the case.

Nevertheless, when the court staff was able to ascertain the attorney's identity, the judge left a message on the attorney's voicemail. Counsel called back several hours later, stating he was not fully retained and would not be coming to court that day. At no time did counsel contact the court regarding his representation, request an adjournment either orally or in writing or file a notice of appearance. When it was evident the second day of trial that counsel did not intend to appear, defendant stated: "That's okay. We can continue."

Clearly, new counsel was not prepared to try the case on the scheduled trial date. Understandably, he was not contacted until two business days before the trial date and, apparently, he was not paid his full retainer. In addition, the judge gave defendant the opportunity to return for a third day of trial with counsel on a date counsel was available. Defendant did not avail herself of this offer. Under these facts and given the court's wide latitude to manage its

9

calendar, we discern no mistaken exercise of discretion in denying the adjournment.

Moreover, defendant has not demonstrated she was prejudiced by the denial of her adjournment request. The judge painstakingly went through the statutory factors and gathered information from the parties in making her determinations regarding alimony and equitable distribution. Other than expressing a dissatisfaction with the alimony terms, defendant has not established she was unfairly prejudiced by the court's rulings in which she was awarded alimony and possession of the marital home.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3658-18